# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN W. RICHMOND,**
**Claimant Below, Petitioner**

**FILED**
February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No.  16-0035** (BOR Appeal No. 2050602)
(Claim No. 2014020371)

**SUMMERS COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John W. Richmond by John Everett Roush, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Summers County Board of Education, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2015, in which the Board affirmed the June 8, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 13, 2014, decision rejecting compensability of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Richmond asserts he was injured on December 6, 2013, when he was moving a valve grinder with a co-worker. Mr. Richmond worked for Summers County Board of Education for twelve years, first as a bus driver and then as a mechanic. During the time he worked for Summers County Board of Education, Mr. Richmond was a member of the Army National Guard. He deployed to Kuwait where he was involved in a bus accident in 2010. The bus went over an embankment, and he caught himself with his hands. Mr. Richmond injured his low back and his wrists in the bus accident. Due to the severity of his low back injury, he did not receive treatment for his wrists. He continued to experience problems with his right wrist after the accident and sought treatment for the wrist prior to the alleged December 6, 2013, injury.

1

Although Mr. Richmond experienced pain in his right wrist on December 6, 2013, after moving the valve grinder, he continued to work and did not seek medical treatment until December 30, 2013. He went to the Beckley Veterans Administration Medical Center that day after waking up on his couch and finding his hand to be cold and numb. He provided a history to James Culley, M.D., of initially injuring his wrist in a bus accident when he was deployed, and then more recently his wrist popping in and out of place for the last month. Dr. Culley diagnosed a dislocating carpometacarpal joint with numbness and tingling involving the median and ulnar nerves. Dr. Culley noted Mr. Richmond had symptomatic dislocation of the joint for the past two months. However, he did not opine this was due to a work-related injury.

Brian Toney, M.D, evaluated Mr. Richmond at the Richmond Veterans Administration Medical Center on February 26, 2014. He noted the injury to the right wrist was chronic in nature and recommended a lunotriquetral fusion. Dr. Toney did not connect the symptoms to a work injury.

In its June 8, 2015, Order, the Office of Judges determined that if Mr. Richmond sustained an injury on December 6, 2013, it was at a loss to determine what the injury would be. It found that Mr. Richmond was injured in Kuwait and then experienced pain in his wrist on December 6, 2013. The Office of Judges also found that Mr. Richmond sought treatment for his wrist prior to the alleged date of injury and after the date of the alleged injury, but not on the date of the alleged injury. The Office of Judges then determined there was no medical evidence connecting the symptoms to the December 6, 2013, incident.

The Board of Review adopted the findings of fact and conclusions of law in its December 21, 2015, decision affirming the Office of Judges' Order. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. While Mr. Richardson may have experienced pain and popping in his wrist while moving the valve grinder, he failed to submit any medical evidence connecting the symptoms to the work incident. The physicians did not state that his right wrist symptoms and/or the need for a fusion were due to the work incident. It does not appear that Mr. Richardson advised the physicians that he had been injured at work. Moreover, Kevin White, who moved the valve grinder with Mr. Richardson, stated in his deposition that Mr. Richardson frequently complained about pain problems with his right wrist prior to December 6, 2013. Mr. Richardson failed to show that he sustained an injury in the course of and resulting from employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

2

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker